Nott, J.
This is an application to this court, to reverse a decision of the Circuit Court ordering a prohibition against the City Council.
The first and most important ground on which the prohibition has been granted is, that the City Council have by an ordinance passed in the year 1806, delegated to the Commissioners of the Streets, powers which they ought to have exercised themselves. There is no principle more clear than that all inferior corporations must keep within the pale *48 °f their charters; and, if they exceed the powers therein granted, they may be restrained by the controlling power of this court. It is equally clear, that a delegation to another body, of powers which they are required to perform themselves, is transcending the limits of their charter. The act of incorporation transfers to the City Council, all the powers given to the Commissioners of the Streets by the act of 1764. The powers of the Commissioners of the Streets, therefore, ceased with that act. And although the City Council still employ persons as Commissioners of the Streets, eo nomine, yet they are not to be considered in the character of the former board, but as sub-commissioners, clothed with no authority, except what they derive from the City Council. Whether the City Council have delegated to them powers which they might to have retained themselves, is a question which must be decided by a comparison of the act with the ordinance.
By the 2nd clause of the act of 1764, (a) it is enacted, that the Commissioners of the Streets should have power and authority, among other things, to sink or lay common drains or sewers and wells, to cause footways to be levelled and paved, &c. By the 3rd clause, it is enacted, that this expense shall be borne by the proprietors of houses, &e. who shall be benefitted thereby, ratably and proportionably to their value. And in order to ascertain the proportion that each shall pay, the latter part of the same clause authorises the Commissioners to make an as *49 sessment on the owners, &c. All these duties are now required to he performed by the City Council, that is to say, they have the power; 1st, To make pavements, &c. 2nd, To make the owners of the adjacent lands pay the expencef and 3rd, To assess the amount that each shall pay.
The ordinance authorises the Commissioners of the Streets, that is, the sub-commissioners: 1st, To point out and designate such drains and pavements, &c. as they shall think necessary. There is nothing objectionable in this part, as it only author-ises them to point out and designate, &c. for the information of the Council, and not to make. 2nd., It requires the owners of lots to pay the expense^ this is also conformable to the act. 3rd, It requires the owners to pay what the Commissioners shall assess. Now, although this is not saying in totidem verbis, that the Commissioners shall make the assessment, y.et it is necessarily implied 5 for the owners cannot pay what the Commissioners do assess, unless they have the power, and do make assessments. This, then, is delegating to the Commissioners, the power to make assessments, which, by the act, is expressly given to themselves.
Nor do I think that the measure is aided by the subsequent clause, retaining to themselves the right of approving such assessment. The constitution of the United States authorises Congress to pass laws for the regulation of commerce; but, I presume, a law authorising the secretary of the treasury to reg- *50 u]ate commerce, would not be thought constitutional, even though it reserved to Congress the right'of ap-, proving, or rejecting, such measures as he should adopt. Making an assessment is one thing; approving.of it afterwards is another: and, so far as an exercise of the judgment is necessary, may require very different operations of the mind. It is not for us to enquire, what has been the practical effect of this measure; it is sufficient that we see what may foe the possible abuse of it. An act, enlarging the powers of an inferior corporation, ought to be construed strictly. This is a tremendous power to be granted, even to the City Council itself, and in the exercise of which, they ought to be confined to the very letter of their charter.
But, 2nd, the act of 1764, required the Commissioners to give ten days notice of the assessment, before they proceeded to issue their warrant of distress. The act does not expressly say, that this notice is intended for the purpose of giving the party an opportunity of shewing cause against it $ but it must be so understood, as it could answer no other. But this ordinance contains no such provision, nor does it appear that that requisition of the act has been complied with.
It is stated on the part of the City Council, that the party had notice, but this Court cannot now listen to suggestions of that sort. If they thought it material, they should have required a declaration to be filed, and have had the fact tried. But.now the *51 case must be decided from the face of the proceedings. On both grounds, I am of opinion, that the prohibition was properly ordered, and that this mo.tion ought to be discharged.
Brevard, J.
By the act “ to incorporate Charleston,” passed in the year 1783,(a) the City Council of Charleston are empowered to make bylaws, respecting the streets, lanes, &c. and to establish such regulations, as shall appear necessary for the security, welfare and convenience of the city : and all the powers and authorities, which at that time were vested in the Commissioners of the Streets, and Commissioners of the Markets, were transferred to the City Council; who are also empowered by the said act, to make such assessments on the inhabitants of the city, or those who hold taxable property within the same, as shall to them appear expedient, for the safety, convenience, and advantage of the city; and to affix, and levy fines for all offences committed against their by-laws, &e.
In this act of incorporation, the Legislature intended, it appears to me, to vest in the City Council, all the powers and authorities which were vested in the Commissioners of the Streets and Markets, subject to the same restraints and qualifications which adhered to those powers and authorities while in the hands of those Commissioners. Therefore, though the City Council are competent to make by- *52 jaws? respecting the streets, lanes and markets of the city, and to make assessments on the inhabitants of the city,' or those who hold property within the same, and to affix and levy fines for offences committed against their by-laws : yet tin the exercise of these powers, the Council is, I apprehend, limited and restrained in the same manner, and by the same legislative instrument, by which those powers were originally granted 'to the Commissioners of the Streets and Markets. The act of Assembly of the year 1764, gives to certain Commissioners, or a majority of them, power to level and pave footways, sink drains, &c. the charge and expense of which is to be borne, and paid by those interested therein, owners of the land, &c. benefitted by such improvements, in proportion to the value of the property so benefitted. And in order to provide the means necessary for defraying such expenses, the commissioners, or a majority of them, are authorised to make assessments on all owners and proprietors, &c. The apt, however, provides that after the assessments are made, ten days notice thereof shall be given by copies, affixed &c. in order that those who may conceive themselves aggrieved may have an opportunity of being heard, and of shewing cause against the same and of being relieved. The Commissioners were authorised by the act of 1764, to grant relief upon sufficient cause shown, and were required to allow ten days notice or indulgence to the party assessed, to show cause against, or comply with, the assessment, before issuing a warrant óf distress to levy the amount. The city ordinance in question, in the *53 present ease, authorises the Commissioners of the Streets and Lamps to designate such new drains and foot pavements as they may deem necessary and expedient; and, with the consent of the City Council, contract for building and making thereof, also to assess the owners of lots, &c. to defray the expenses of such buildings, &c. And such assessments are dix’ected to be made out under the direction of the Commissioners who are to approve thereof. The same is, however, to be approved of by the City Council. The ordinance requires twenty days notice to be given to those assessed 5- but to what end or purpose does not appear, no mode being prescribed by which advantage may be derived from this notice. I am of opinion, that any proprietor assessed, either according to the act of 1764, or the act of incorporation, is entitled to at least ten days notice of such assessment, and an opportunity of being heard, and of shewing cause against the same.
But the ordinance appears to afford no such opportunity of being heard, or any means of relief; so far, it is, in my opinion, illegal. I also incline to think, that the ordinance vests an illegal power in the Commissioners of the Streets ■ and Lamps, “ to make assessments according to their discretion, to be approved by them.” The ultimate right of approval is indeed reserved to the City Council: but, I think, the assessments ought to be made under the immediate direction of the City Council. At any rate, the right to appeal to them, from the discretionary proper of the Commissioners, ought to have been proved.
*54 Again: I incline to think, that the assessment in the present ease was illegal, being for a sum exceeding one hundred dollars. The extent of the jurisdiction of the City Court, being one hundred dollars, the City Legislature cannot, by their by-laws, impose fines, penalties or taxes beyond that amount; otherwise, this local legislature would impose duties on other officers than their own; and other courts than. the City Court must be employed to enforce the observance of their local statutes. This, I think, was not intended by the act of incorporation. The jurisdiction of the City Court being limited to one hundred dollars, necessarily, in my judgment, limits the power of the City Council in the enactment of by-laws. In fine, my opinion, in this case, is, that the motion ought to be rejected.
Giumke, J.
The motion in this case was to set aside a prohibition Obtained by the defendant against the City Council. The facts were, that it being necessary to make a pavement before the door of defendant, and others, in Meeting-street, the plaintiffs directed the Commissioners of the Streets to make a contract for the same, and assess the value thereof, and lay such assessment before them. The Commissioners accordingly did so, and on the face of the assessment was a resolve of the City Council agreeing to the same. The copy of the assessment was then given to the city collector, who, after having waited twenty days, agreeably to part of the city ordinance, issued an execution against the defendant,' who had not paid the sum assessed to him.
*55 With respect to the first ground in the brief, I am of opinion, that the City Council have not exceeded their powers in appointing Commissioners of the Streets, to execute that part of the duty which, in this case, they have allotted to them.
With respect to the 2nd and 3rd grounds, my opinion is, that it has been the constant and uniform practice of the old Commissioners of the Streets, and of those acting under the City Council, to assess those persons before wdiose houses the pavements are made; and that a contrary mode of proceeding would tend to make those who have long ago paid for their own pavements, pay a double tax, if they were now to be assessed for the pavements of the city generally; and that those who have never yet paid any assessment for pavements, if they were now required to do so, by a tax on the whole city, would be much better off than those who have been compelled to pay heretofore. A tax should operate in a general way, on all the citizens at large, and not partially ; and such a new mode of taxation, if now adopted, would certainly have a very partial effect.
With respect to the jurisdiction of the City Court extending to only 8100, it does not apply in this case, for it is no verdict of that court; and on the 6th ground, i( that the City Council cannot impose a fine or penalty beyond 8100,” this is not a case in point; for the assessment is neither fine nor penalty. I am, howevei’, of opinion, on the 4th ground, that the prohibition should go; because, in *56 the act of Assembly of 1764, giving powers to the Commissioners of the Streets to perform this duty, they are enjoined, after the assessment is made, to hang up the assessment in some public place in the city, so that each citizen concerned, may have notice of the sum he is so assessed. By the act of incorporation, the City Council had all the powers of these Commissioners; and, therefore, in framing their ordinance on this subject, they should have taken care to insert a clause, by which notice should be brought home to the party assessed. It does appear, on examining the ordinance, that twenty days notice is required; but it is not declared for what purpose, or to whom this notice is to be given. It is not pretended on the part of the City Council, that any such notice was given to the party complaining, but that, after they had approved the assessment, they sent it to their treasurer, who kept it twenty days, and then issued Ms warrant of execution. Surely, this cannot be called notice, of which the complainant might avail himself, by representing to the City Council some error, or illegality in their proceedings, as was done in the case' of Mr. House, who convinced the City Council that they had acted erroneously in their assessing him, and who was consequently relieved by them from the payment thereof. My opinion is, therefore, that the prohibition should go; and of the same opinion, are all my brethren.
. • Note. — -In the case of Ilueston v. The City Council, 1 M‘Cord, 345. it was decided that the act of 1764, P. L. xlix, is repealed by A. A.. 1785,P. L. 398. The authority of this case, therefore, as far as the questions decided appear to turn on the construction of the act of 1764, seems to be oyer-ruled.

 P. L» XHX,

 P. L. 32?. § 4.